UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CALVIN ANDRE ANDERSON,<br><br>                  Plaintiff,<br><br>    v.<br><br>DEPARTMENT OF SOCIAL AND HEALTH SERVICES, | CASE NO. 3:23-cv-05610-DGE-BAT<br><br>**REPORT AND RECOMMENDATION** |

Plaintiff Calvin Andre Anderson filed a 42 U.S.C. § 1983 complaint naming as Defendant the Department of Social Health Services (DSHS). Dkt. 8. Plaintiff is held at the Western State Hospital and alleges: "true blood vs Washington Due Process violation speedy trial rights tewelretty and Fourteenth amendments violations." *Id.* at 4. No other facts or claims are alleged. As relief, Plaintiff requests "monetary sanctions." *Id.* at 9. Because the complaint challenges the Plaintiff's pending state criminal charges, the Court recommends abstaining from interfering with the state proceedings and DISMISSING the case without prejudice.

**DISCUSSION**

The Court screen complaints filed by detainees under and must "dismiss the complaint, or any portion of the complaint, if it is: (1) frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from

REPORT AND RECOMMENDATION - 1

such relief." 28 U.S.C. § 1915A(a),(b); *accord* § 1915(e)(2); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

To avoid dismissal, a § 1983 complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). The factual allegations must be "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint may be dismissed if it lacks a cognizable legal theory or states insufficient facts to support a cognizable legal theory. *Zixiang v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013).

To sustain a § 1983 civil rights claim, Plaintiff must show (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state or federal law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To satisfy the second prong, plaintiff must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A defendant cannot be held liable solely on the basis of supervisory responsibility or position. *Monell v. Department of Social Servs., of City of New York*, 436 U.S. 658, 691–94 (1978). Rather, a plaintiff must allege a defendant's own conduct violated the plaintiff's civil rights. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385–90 (1989).

Here, the complaint names the DSHS as the sole defendant, alleges "true blood vs Washington Due Process violation speedy trial rights," but presents no facts in support of this allegation.

The complaint should be dismissed because DSHS is a state agency and is immune from suit under the Eleventh Amendment. *See In re Pegasus Gold Corp.*, 394 F.3d 1189, 1195 (9th

REPORT AND RECOMMENDATION - 2

Cir.2005) ("[A]gencies of the state are immune from private damage actions or suits for injunctive relief brought in federal court.") (quotation and citation omitted). The exceptions to Eleventh Amendment immunity are inapplicable here. Congress has not expressly abrogated Washington State's immunity under its Fourteenth Amendment powers. *See Carmen v. San Francisco Unified School Dist.*, 982 Fed.Supp 1396, 1403 (N.D. Cal. 1997) citing *Quern v. Jordan*, 440 U.S. 332, 341–42, (1979) and *Alabama v. Pugh*, 438 U.S. 781–82 (1978) ("Eleventh Amendment immunity has not been abrogated with respect to section 1983 claims."). Additionally, Washington State has not waived immunity. *See Skokomish Indian Tribe v. France,* 269 F.2d 555, 561 (9th Cir.1959) (recognizing that RCW § 4.92.010 expresses Washington's consent to be sued only with respect to suits in state court); *Rains v. State*, 674 P.2d 165, 170 (Wash.1983) (recognizing that Washington has not waived the protection of the Eleventh Amendment); *Firey v. State of Wash.*, 872 F.2d 427 (9th Cir. 1989) (citing *Rains v. Washington*).

The complaint should also be dismissed because Plaintiff is a pre-trial detainee facing unresolved and pending state criminal charges and the Court should abstain from interfering with the criminal charges under *Younger v. Harris*, 401 U.S. 37 (1971). A federal court must abstain under *Younger* when: (1) there is an ongoing state judicial proceeding; (2) the proceeding implicates important state interests; (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges; and (4) the requested relief seeks to enjoin or has the practical effect of enjoining the ongoing state judicial proceeding. *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018). Federal courts will not abstain under *Younger* when there is a showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate. *Id*. at 765–66.

REPORT AND RECOMMENDATION - 3

The Court must abstain because the *Younger* factors are met in this case. Plaintiff faces an ongoing state criminal prosecution which clearly implicates important state interests; Plaintiff can raise his constitutional challenges by filing motions in the state courts; and the requested relief would tend to undermine the state courts' determinations regarding petitioner's criminal case. Plaintiff alleges a violation of his right to a speedy trial and the remedy which normally flows from such a violation is dismissal of the charges.

Additionally, Plaintiff presents nothing showing there are extraordinary circumstances that make abstention inappropriate. The Court accordingly concludes *Younger* abstention is appropriate and recommends the case be dismissed without prejudice.

In short, because Plaintiff sues a Defendant that is immune from suit under §1983 the complaint should be dismissed with prejudice. Alternatively, the Court should abstain from interfering with Plaintiff's on-going state criminal proceedings, and for this reason, the complaint should be DISMISSED without prejudice. The Court also recommends leave to amend be denied as futile. *See e.g., Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991) (Leave to amend may be denied if the proposed amendment is futile or would be subject to dismissal); *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004) ("Futility alone can justify the denial of a motion to amend.").

## OBJECTIONS AND APPEAL

This Report and Recommendation is not an appealable order. Therefore, Plaintiff should not file a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit until the assigned District Judge enters a judgment in the case.

REPORT AND RECOMMENDATION - 4

Objections, however, may be filed no later than **August 23, 2023.** The Clerk shall note the matter for **August 25, 2023**, as ready for the District Judge's consideration. The failure to timely object may affect the right to appeal.

DATED this 4th day of August, 2023.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 5